**Aamer Nisar QURESHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75770.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 17, 2006.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, John W. Stone, Jr., Kearns Davis, Esq., U.S. Attorney, Greensboro, NC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Aamer Nisar Qureshi, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' order summarily affirming an Immigration Judge's ("IJ") decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

■ Substantial evidence supports the IJ's determination that Qureshi had not accrued ten years of continuous physical presence at the time he was served with the Notice to Appear ("NTA") in June 1997. *See* 8 U.S.C. § 1229b(d)(1). Qureshi's contention that the NTA was defective (and therefore did not "stop the clock"), because it did not contain the full title of the asylum officer who signed it, lacks merit.

■ Substantial evidence also supports the IJ's determination that Qureshi failed to establish eligibility for asylum and withholding of removal. Even if the incidents described by Qureshi rise to the level of persecution, the record does not compel the conclusion that the Pakistani government was unable or unwilling to control the persecutors. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005). Qureshi filed a single police report in 1988, but did not know whether the police ever conducted an investigation. Moreover, Qureshi acknowledged that the police successfully intervened to prevent his being abducted during a wedding ceremony that took place in 1992. *See id.*

■ Qureshi did not mention his CAT claim in his brief to this Court, and has therefore waived this issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.